**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF TENNESSEE**
**NASHVILLE DIVISION**

| | |
|---|---|
| **MAUREEN GREGSON,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| **v.** | )     **Case No. 3:13-cv-00678** |
| | )     **Judge Aleta A. Trauger** |
| **METROPOLITAN LIFE INSURANCE** | ) |
| **COMPANY,** | ) |
| | ) |
| **Defendant.** | ) |

## MEMORANDUM AND ORDER

The magistrate judge issued a Report and Recommendation ("R&R") (Doc. No. 54) on June 20, 2018, recommending that Plaintiff's Motion for Relief from Judgment/Plaintiff's Motion to Alter or Amend (Doc. No. 42) be granted. Now before the court is the defendant's Objection (Doc. No. 55) to the R&R, to which the plaintiff has responded (Doc. No. 56). For the reasons set forth herein, the court will overrule the Objection, grant the requested relief, and vacate the order of dismissal and judgment previously entered in this case.

### I.  Standard of Review

The court construes the plaintiff's motion as seeking relief from judgment under Rule 60(b)(6) of the Federal Rules of Civil Procedure. As the magistrate judge notes, the Sixth Circuit has apparently not resolved the question of what standard of review applies to a magistrate judge's ruling on a Rule 60(b) motion or, indeed, whether such a motion may be referred to a magistrate judge at all. However, those appellate courts that have considered the question have held that motions for relief from judgment under Rule 60(b) do not fall within the purview of 28 U.S.C. § 636(b)(1)(A) or (B), because they are not "pretrial" motions, but they may instead be

referred under § 636(b)(3), which broadly permits the assignment to magistrate judges of "such additional duties as are not inconsistent with the Constitution and laws of the United States." 28 U.S.C. § 636(b)(3); *see, e.g.*, *McLeod, Alexander, Powel & Apffel, P.C. v. Quarles*, 925 F.2d 853, 856 (5th Cir. 1991) (holding that "§ 636(b)(3) authorizes a district court to refer to a magistrate a motion made pursuant to Rule 60(b), at least for the limited purpose of holding an evidentiary hearing and preparing for the district court proposed findings of fact and recommendations for the disposition of the motion"); *Perry v. Del. River Port Auth.*, 208 F. App'x 122, 125 n.3 (3d Cir. 2006) (same); *Conetta v. Nat'l Hair Care Ctrs., Inc.*, 236 F.3d 67, 74 (1st Cir. 2001) (same). *Accord Campbell v. Sec'y for Dep't of Corr.*, 370 F. App'x 5, 7 (11th Cir. 2010) (holding that the district court erred by referring the petitioner's Rule 60(b) motion to the magistrate judge for a final order); *LeGear v. Thalacker*, 46 F.3d 36, 37 (8th Cir. 1995) (dismissing appeal for lack of jurisdiction where the district judge improperly referred a Rule 60(b) motion to the magistrate judge and failed to enter a final order following the magistrate judge's decision).

A Rule 60(b) motion referred under § 636(b)(3) is subject to *de novo* review. *Perry*, 208 F. App'x at 125 n.3; *accord Ma v. Am. Elec. Power Co.*, 697 F. App'x 448, 449–50 (6th Cir. 2017) (holding that a post-judgment motion for costs may be referred to a magistrate judge under § 636(b)(3), subject to *de novo* review).

## II.     Factual and Procedural Background

The plaintiff, through counsel, filed suit against defendant Metropolitan Life Insurance Company ("MetLife") in July 2013, asserting a claim under ERISA, 29 U.S.C. § 1132(a)(1)(B), based on allegations that MetLife had improperly terminated her long-term disability benefits. (Doc. No. 1.) The day before the initial case management conference scheduled for September 6,

2013, plaintiff's counsel sought a continuance because he had not yet effected service of process on the defendant. Process was returned executed on September 16, 2013. (Doc. No. 7.)

After several extensions of the deadline, MetLife filed its Answer in November 2013. (Doc. No. 12.) Thereafter, neither party took any action to move the case forward for almost a year. In September 2014, Chief Judge William J. Haynes, to whom the case was then assigned, entered an Order directing the parties to file a proposed scheduling order for the filing of the administrative record and dispositive motions. (Doc. No. 14.) The parties complied, and a Case Management Order was entered on October 10, 2014, giving MetLife until December 8, 2014 to file the administrative record and giving both parties until March 9, 2015[1] to file motions for judgment on the administrative record. (Doc. No. 17.)

MetLife filed the administrative record after receiving a short extension of the deadline. On March 9, 2015, MetLife sought, and was subsequently granted, an additional thirty days within which to file its motion for judgment. (Doc. Nos. 32, 33.) That date came and went, however, without either party's having filed a motion for judgment. On August 21, 2015, more than five months after expiration of the deadline, plaintiff, through counsel, sought and was granted until September 30, 2015 to file her motion for judgment. (Doc. Nos. 34, 35.) Once again, the deadline passed, but neither party filed a motion for judgment. On September 20, 2016, ten days shy of the anniversary of the plaintiff's (extended) filing deadline, Judge Haynes dismissed the case without prejudice for failure to prosecute, under Local Rule 41.01. (Doc. No. 36.)

On September 26, 2016, plaintiff, through counsel, filed Plaintiff's Motion for Relief from Judgment/Plaintiff's Motion to Alter or Amend pursuant to Rule 59(e) of the Federal Rules

---

[1] The Order, as proposed by the parties, actually states March 8, which fell on a Sunday.

of Civil Procedure and, alternatively, Rule 60(b)(6), asking the court to "exercise its discretionary authority to set aside its order of judgment" and allow the plaintiff to file her motion for judgment. (Doc. No. 38.) In support of the motion, counsel noted only that the plaintiff believed she had a meritorious claim, that substantial justice would be served by granting the motion to allow her claim to be adjudicated on the merits, that she did not seek discovery, and that the defendant would not be prejudiced by the granting of relief. (*Id.*)

On January 12, 2017, Judge Haynes denied the motion, noting that the plaintiff had failed to raise any valid grounds or relief under Rule 59(e) or Rule 60(b)(6), but the denial was "without prejudice to Plaintiff's ability to demonstrate appropriate grounds for relief." (Doc. No. 41, at 3.) He also denied without prejudice the plaintiff's late-filed Motion for Judgment on the Administrative Record. (*Id.*)

On January 12, 2018, exactly one year later, the plaintiff filed her *pro se* Plaintiff's Motion for Relief from Judgment/Plaintiff's Motion to Alter or Amend (hereafter, "Rule 60(b)(6) motion" or "Motion for Relief from Judgment") on the basis that her attorney, Peter Skeie, had been "neglectful in meeting Court deadlines and dates." (Doc. No. 42, at 1.) She also asked that Peter Skeie be removed from the case, that he be directed to make her files available for pick-up by a new attorney, and that she be granted an "extension" to obtain new counsel because she had been unable to find Peter Skeie or get status updates on her case. (*Id.*) The undersigned, to whom the case was reassigned due to the retirement of Judge Haynes, referred the motion to the magistrate judge.

The magistrate judge initially granted some of the relief requested by the plaintiff: she entered an Order removing Peter Skeie from the case and directing him to make his client's files available to her. The magistrate judge also granted the plaintiff until February 16, 2018 to have

new counsel enter an appearance on her behalf and until March 9, 2018 to supplement her Motion for Relief from Judgment "with any additional argument or legal authority" she might have to support her request. (Doc. No. 44, at 2.) New counsel duly entered an appearance and filed a Memorandum of Law in Support of Plaintiff's [*pro se*] Motion for Relief from Judgment, along with the plaintiff's Affidavit. (Doc. Nos. 46, 46-1.) The defendant, after being ordered to do so, filed its Opposition to the motion (Doc. No. 50). The plaintiff filed a Reply, supported by the Affidavit of Peter Skeie. (Doc. Nos. 53, 51-2.)

The magistrate judge thereafter filed her R&R, construing the motion as filed solely under Rule 60(b)(6) (Doc. No. 54, at 3 n.5) and finding that the conduct of Gregson's attorney went beyond mere attorney error and, instead, constituted gross negligence to the point of abandonment of his client. As such, she found his conduct to be sufficiently egregious to allow the plaintiff to proceed under Rule 60(b)(6). Second, the magistrate judge found that principles of equity mandate relief in this case—specifically, that MetLife would not suffer prejudice by the granting of the relief requested, that the plaintiff has a "meritorious" claim, as that term is defined for purposes of a Rule 60(b)(6) motion, and that the plaintiff herself lacked any culpability in her attorney's failings, among other equitable grounds. Finally, the magistrate judge concluded that the plaintiff filed her motion within a reasonable time. For all these reasons, the magistrate judge recommended that the plaintiff's renewed Rule 60(b) motion be granted and that the judgment entered on September 20, 2016 be vacated.

MetLife objects to the R&R on the basis that (1) Gregson's allegations of attorney error do not show that counsel's behavior was sufficiently egregious to warrant relief under Rule 60(b)(6), and it is well settled that an attorney's mistakes are generally attributable to his client and cannot form the basis for relief under Rule 60(b)(1); (2) even if Rule 60(b)(6) applies, the

plaintiff has failed to present clear and convincing evidence that she is entitled to relief; and (3) even if the plaintiff would otherwise be entitled to relief, her motion was not filed within a reasonable time as required by Rule 60(c).

## III.    Analysis

The court, having reviewed *de novo* the entire record in this case and considered the applicable law, finds the defendant's objections to be without merit.

### A.    Whether Rule 60(b)(6) Applies

MetLife argues that Gregson's former attorney's conduct in this case amounts to mere "attorney error," as a result of which the plaintiff cannot seek relief under Rule 60(b)(6). MetLife insists that the cases finding attorney abandonment to warrant relief under 60(b)(6) involved much more egregious behavior than that alleged here, such as the attorney's making fraudulent statements to the court, completely disregarding direct court orders, or affirmatively misleading the client as to the status of her case.

Rule 60(b) provides in relevant part that, "[o]n motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for . . . (1) mistake, inadvertence, surprise, or excusable neglect; . . . or (6) any other reason that justifies relief." The plaintiff here moves for relief under Rule 60(b)(6) only, but the Sixth Circuit has indicated that a district court errs in granting relief under Rule 60(b)(6) without considering the applicability of the other parts of the rule. *McCurry ex rel. Turner v. Adventist Health System/Sunbelt Inc.*, 298 F.3d 586, 593 (6th Cir. 2002). Subparts (1) and (6), cited above, are the only sections with any possible applicability here.

The court finds that Rule 60(b)(1) cannot serve as a basis for relief. There is no indication that plaintiff's former counsel committed a mere mistake or that his failures in this case arose from inadvertence. Judge Haynes' dismissal of the case for failure to prosecute and his denial of a

completely unsupported motion for relief from judgment could have come as no surprise to anyone. Moreover, counsel's complete failure to file a Motion for Judgment on the Administrative Record— essentially his only task in this case, since no discovery was required—until after dismissal of the case, and despite multiple extensions of the deadline and great forbearance by the presiding judge, does not qualify as *excusable* neglect. *See, e.g.*, *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 398–99 (1993) ("[F]or purposes of Rule 60(b)[(1)], 'excusable neglect' is understood to encompass situations in which the failure to comply with a filing deadline is attributable to negligence."); *McCurry*, 298 F.3d at 596 (holding that an attorney's mistaken interpretation of the law and strategic error in deciding where to file suit do not constitute the type of "mistake" or "excusable neglect" that warrant relief under Rule 60(b)(1), but they also are not "exceptional circumstances" that qualify for relief under Rule 60(b)(6)).

However, the Sixth Circuit has recognized that, "[i]n rare cases, . . . a lawyer's failures [may be] sufficiently egregious to warrant relief under Rule 60(b)(6)." *Doyle v. Mut. of Omaha Ins. Co.*, 504 F. App'x 380, 383 (6th Cir. 2012) (citing *Valvoline Instant Oil Change Franchising, Inc. v. Autocare Assocs., Inc.*, 173 F.3d 857 (Table), 1999 WL 98590, at *4–6 (6th Cir. Jan. 26, 1999) (reversing district court and granting 60(b)(6) relief from a default judgment entered after an attorney lied to his clients about the status of their case, failed to appear at depositions, failed to file a response to a motion for summary judgment, and failed to make other required filings); *Fuller v. Quire*, 916 F.2d 358, 361 (6th Cir. 1990) (holding that a district court acted within its discretion in granting 60(b)(6) relief vacating judgment after an attorney failed to attend docket call, resulting in dismissal for failure to prosecute, and then failed to inform the client of the dismissal for more than a year despite the client's frequent inquiries)); *see also Nair v. Columbus State Cmty. Coll.*, No. 2:02-CV-595, 2006 WL 13233, at *3 (S.D. Ohio Jan. 3, 2006) (holding that an attorney's failure to respond to three motions to compel discovery, which led to dismissal of the case under Rule 37, constituted gross negligence for which relief was warranted under Rule 60(b)(6), rather than

"excusable neglect" cognizable under 60(b)(1)); *Reno v. Int'l Harvester Co.*, 115 F.R.D. 6, 8–9 (S.D. Ohio 1986) (finding that an attorney's conduct could "only be described as gross neglect and abandonment of [the] client" for which relief under Rule 60(b)(6) was available, and that it did not fall within the ambit of Rule 60(b)(1), as it was "not merely a technical error or a slight mistake for which Rule 60(b)(1) is intended to provide relief," where counsel had filed the complaint, attended a scheduling conference, and then did nothing else, failing even to respond to a motion for summary judgment after getting a reminder from the judge's chambers and promising to do so quickly).

The question here is whether Gregson's attorney's conduct was sufficiently egregious to warrant relief under Rule 60(b)(6). MetLife insists that it was not. The court disagrees. To be sure, the conduct at issue here is not as egregious as that highlighted in many other cases granting relief under Rule 60(b)(6), but that appears to be largely because very little happened in this case requiring the attorney's attention, and he failed even to perform the little that was required of him.

The attorney in this case did not simply make a mistaken interpretation of the law or a strategic error in how to proceed. He failed to adopt any strategy or, indeed, to raise any legal arguments at all. After filing the Complaint, he did virtually nothing in the case for over two years, until Judge Haynes dismissed the case for failure to prosecute. The attorney's abandonment of his client culminated in his failure to file a motion for judgment, but it was compounded by his filing a motion for relief from judgment that did not articulate any basis for granting the relief sought, and then compounded a second time when counsel failed to respond at all to Judge Haynes' suggestion that he would reconsider the ruling if counsel provided a reason for granting relief. (*See* Jan. 12, 2017 Order, Doc. No. 41, at 2 ("Plaintiff only states that she believes she has a meritorious claim and that substantial justice will be served by granting [her] motion so that her claim can be adjudicated on the merits. Thus, Plaintiff has not demonstrated that relief is appropriate at this juncture. Accordingly, Plaintiff's motion for relief from judgment/Plaintiff's motion to alter or amend is DENIED, *but without prejudice to Plaintiff's ability to demonstrate appropriate grounds for relief.*" (citations to

the record omitted; emphasis added)).) Such "gross neglect and abandonment by counsel is qualitatively different than mere inadvertence or mistake," *Reno*, 115 F.R.D. at 8, and amounts to "extraordinary circumstances" warranting relief under Rule 60(b)(6).

**B.     Clear and Convincing Evidence**

MetLife argues that Gregson has not proved her attorney's misconduct with clear and convincing evidence and that "mere allegations" are not enough to justify Rule 60(b)(6) relief. (Doc. No. 55, at 10.)

To be entitled to relief under Rule 60(b)(6), the movant must establish, not only that exceptional circumstances exist, as discussed above, but also that "principles of equity *mandate* relief." *Ford Motor Co. v. Mustangs Unlimited, Inc.*, 487 F.3d 465, 468 (6th Cir. 2007). To meet this latter requirement, "the movant must show: (1) lack of prejudice to the non-moving party; (2) a meritorious defense; and (3) lack of culpability for the adverse judgment." *Travelers Cas. & Sur. Co. of Am. v. J.O.A. Const. Co.*, 479 F. App'x 684, 693 (6th Cir. 2012). "Because public policy favors the finality of judgments, relief under [Rule 60(b)(6)] requires clear and convincing evidence. . . . [M]ere allegations of meritorious defenses will not satisfy [this] burden." *Id.* (internal citation omitted).

The plaintiff here does not rely on "mere allegations"—she has submitted proof in the form of her own and her former attorney's affidavits, which are unrebutted. In addition, the court's record establishes an objective timeline of events, further substantiating the plaintiff's assertions. The magistrate judge thoughtfully and thoroughly considered each of the relevant factors and correctly concluded that the plaintiff has established a lack of prejudice, a meritorious defense, and a lack of culpability. The court adopts those findings in their entirety and concludes that the plaintiff has provided clear and convincing proof of her entitlement to relief.

**C.     Timeliness**

Finally, regarding timeliness, Rule 60(c) provides that any motion under Rule 60(b) must

be made "within a reasonable time." Motions under 60(b)(1), (2), or (3) must be filed no more than a year after entry of the order from which relief is sought, but a motion under Rule 60(b)(6) is not subject to a specific temporal limitation. The Sixth Circuit has explained that a "reasonable time" for a Rule 60(b)(6) motion "depends on the factual circumstances of each case, and a moving party must articulate a reasonable basis for delay." *Tyler v. Anderson*, 749 F.3d 499, 510 (6th Cir. 2014) (citations omitted) (finding ten-year delay unreasonable); *see also Days Inns Worldwide, Inc. v. Patel*, 445 F.3d 899, 906 (6th Cir. 2006) ("What constitutes a reasonable time depends on the facts of each case.").

In this case, the magistrate judge properly noted that the plaintiff articulated, and provided evidentiary support for, a reasonable basis for delay, specifically including her attorney's effective abandonment of the case and the plaintiff's resulting lack of awareness of the status of her case. Once she became aware of the dismissal of the case, she attempted to obtain her files from her former counsel and to engage new counsel, and she filed a *pro se* motion seeking relief from judgment. The record is not clear as to when exactly the plaintiff learned about the dismissal of the case or the denial of her attorney's unsupported post-judgment motion, but the magistrate judge properly looked to the other relevant factual circumstances to find that the equities weigh in favor of finding that the delay in question here is reasonable. The factors the magistrate judge considered include (1) the preference in this circuit for disposition of cases on their merits, *see, e.g.*, *Little v. Yeutter*, 984 F.2d 160, 162 (6th Cir. 1993); (2) the lack of any significant prejudice to MetLife resulting from the delay, particularly because the record in this ERISA case is complete, no discovery is required, and there is no risk that evidence has been lost, that witnesses may have gone missing, or that any witness's memory has been compromised; (3) MetLife's own lack of diligence in pursuing resolution of the case; (4) the fact

that neither MetLife nor the court expended significant resources on this case prior to the dismissal; (5) the fact that the denial of the first post-judgment motion was "without prejudice," thus signaling to MetLife that the decision might be revisited; and (6) the fact that the dismissal was procedural rather than on the merits, meaning that the plaintiff will merely get her day in court if her motion is granted, rather than "a second bite at the apple." (Doc. No. 54, at 14.)

For all of these reasons, the cases upon which the defendant relies, specifically *Wilson v. City of Jefferson City*, No. 3:12-cv-649, 2015 WL 1033888 (E.D. Tenn. Mar. 9, 2015), and *Bohanan v. East Tennessee Human Resources Agency, Inc.*, No. 3:14-cv-00469, 2017 WL 6460046 (E.D. Tenn. Dec. 15, 2017), are distinguishable. In both of those cases, the court noted that the delay of over sixth months in *Wilson* and a year in *Bohanan* "unquestionably prejudice[d] defendants." *Wilson*, 2015 WL 1033888, at *2; *see also Bohanan*, 2017 WL 6460046, at *2. In addition, the plaintiffs in both cases failed to provide any reason for the delay and apparently offered no other equitable grounds to establish the reasonableness of the delay under the particular factual circumstances of those cases.

Here, the plaintiff has articulated a reasonable basis for the delay, and the totality of the factual circumstances in this case establish that the plaintiff's Rule 60(b)(6) motion was filed "within a reasonable time," Fed. R. Civ. P. 60(c).

## IV.    Conclusion and Order

The court has conducted a *de novo* review of the record as a whole in light of the defendant's Objection (Doc. No. 55) and finds that the plaintiff is entitled to relief under Rule 60(b)(6). For the reasons stated herein, the Objection is **OVERRULED**. The R&R (Doc. No. 54) is **ADOPTED AND ACCEPTED** in its entirety, and the plaintiff's *pro se* Motion for Relief from Judgment/Motion to Alter or Amend (Doc. No. 42), construed as a motion for relief under

Rule 60(b)(6) only, is **GRANTED**. The Order of Dismissal and Judgment in this case (Doc. Nos.

36 and 37) are **VACATED**, and this case is **REINSTATED** on the active docket.

It is so **ORDERED.**

ENTER this 2nd day of August 2018.

_____
ALETA A. TRAUGER
United States District Judge